[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PETCO'S MOTION TO STRIKE
A motion to strike has been filed by the defendant, Petco Insulation Company, against a third party complaint filed by the Vic Insulation Company. This litigation arose out of an alleged fall by an employee of Petco at a Pepperidge Farm worksite. The employee sued Pepperidge Farm, who in turn impleaded Vic Insulation which, by this third party complaint, has impleaded the employer Petco. Petco has moved to strike relying on the protections afforded to it by the Workers' Compensation Act. Despite the protections of that act, which must be broadly read, it is also true that in deciding a motion to strike the court must give that reading to the pleadings of the non-moving party which is most favorable. Amodio v. Cunningham, 182 Conn. 80, 82
(1980). Furthermore, in addressing a motion to strike our courts have adopted the practice under the common law demurrer. At common law, so-called "speaking demurrers" were not permitted. In other words, a party demurring to a complaint could not rely on facts and circumstances outside of and apart from the complaint to supports its position that the complaint was legally insufficient. Where a third party complaint is subject to attack by the motion to strike, however, a further issue must be discussed concerning what in fact the court may consider in deciding the motion to strike.
In this third party complaint, reference is made in the first two paragraphs to previous complaints in the file, the very bringing of which led to the filing of the third party complaint which is the subject of the motion to strike.
Thus, paragraph 1 states that the plaintiff brought suit against Pepperidge Farm claiming injury as a result of a fall on interior stairs at the Pepperidge Farm worksite. The second paragraph notes the defendant, Pepperidge Farm, by a third party complaint, brought suit against Vic Insulation seeking contribution, indemnification and attorney's fees. Paragraph 3 says that "by its complaint" Pepperidge Farm alleges it had a written agreement with Vic Insulation to remove asbestos at various locations at its facility where the fall occurred. These paragraphs are included in the third party complaint brought by Vic Insulation against Petco Insulation Company, the employer of the plaintiff. As noted, Petco has filed a motion to strike this complaint based on the protections it claims are afforded to it CT Page 34 by the Workers' Compensation Act. It seems to the court that, in deciding this motion to strike, reference may be had to the other complaints specifically referenced in the Vic Insulation third party complaint now subject to attack. The complaint in fact refers to them as a basis for and justification for the filing of its third party complaint against Petco and they are in fact pleadings.
In Ferryman v. Groton, 212 Conn. 138, 144-145 (1989), the court adopted the position set forth in 2D. A. Larson, Workers' Compensation Law § 76:
 "When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [for indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer; tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a `primary' wrongdoer impliedly promises to indemnify a `secondary' wrongdoer, the great majority of jurisdictions disallow this claim."
2a A. Larson, supra, § 76.
The court will now apply this test to the various counts of the complaint.
(1) CT Page 35
The first count refers to the complaint brought by the plaintiff against Pepperidge Farm for injuries he suffered in a fall. It then refers to the complaint Pepperidge Farm brought against Vic Insulation for indemnification in which it alleges Vic Insulation agreed to remove asbestos from the Pepperidge Farm worksite. Paragraph 4 then alleges Vic Insulation subsequently entered into an agreement with Petco Insulation "to perform all work and remove asbestos" from the worksite area.
Petco has appended to its motion to strike the contract Pepperidge Farm had with Vic Insulation which explicitly provided for indemnification. Petco then notes that no such written or oral agreement is alleged between Vic Insulation and Petco. The difficulty with this argument is that it really does not appear to focus on the actual argument Vic Insulation is making underFerryman — Larson analysis. The first count does in fact allege that there did exist an agreement between Vic Insulation and Petco that the latter would perform the work it contracted for with the former "in a manner consistent with first class workmanship." What Vic Insulation is attempting to do is take advantage of that language in Ferryman, quoting from Larson which states that an employer cannot avoid a claim such as this if in fact it breached an independent duty it had to a third party (here, Vic Insulation) such as "a contractor's obligation to perform his (sic) work with due care."
What in fact does that language mean? It would seem that if an employer contractor or subcontractor explicitly agreed to have work perform its work with due care — that is with regard to ensuring safety at the worksite — then failure to so perform its contract would allow the entity for whom the work is done and who is sued by the general's or sub's injured employee to implead the employer, if the employee claims injury as a result of the work not being done with due care. With such an explicit contractual agreement, the party whom the injured employee sues for negligence should be able to implead the employer and in effect say, you, the employer, agreed with me to do the work safely and with due care. You didn't live up to your end of the bargain and your lack of due care was what caused injury to your worker, not anything I did.
The problem with the language of this first count, however, is that as presently framed it cannot take advantage of such an argument. It does not claim there was an agreement between Vic Insulation and Petco that Petco perform its contract with "due CT Page 36 care". It explicitly claims that Petco agreed to do the work of asbestos removal "in a manner consistent with first class workmanship." That is, it is an agreement that the asbestos will be effectively removed and perhaps in a manner so as not to interfere with the appearance of the building being worked on or its operation. The agreement that the job be done in a workmanlike manner does not necessarily imply that it be done in a safe manner or with due care. The underlying complaint against Pepperidge Farm, which is referenced in this third party complaint, alleges various acts of negligence which caused the accident (par. 10). All of the allegations have nothing to do with whether asbestos was or was not removed in a workmanlike manner but only to do with allegations about slippery working conditions, inadequate lighting, failure to put warning signs concerning those conditions. Thus, the language of the Vic Insulation third party complaint now before the court does not allege that the due care obligation referenced in Ferryman was explicitly assumed by Petco toward Vic Insulation. Even if the court's view is incorrect and the language is ambiguous on this point, given the policy behind the Workers' Compensation Act, this ambiguity should not suffice to withstand a motion to strike.
This is especially so because of the policy considerations behind the act. Whenever contractors or subcontractors agree to do a particular job, even if language such as the job must be done in a workmanlike manner is not included, there in fact must be a contractual understanding that the agreed upon work be done in that manner. If language like "workmanlike manner" or that the job be completed "to comply with industry standards," could remove the protections of the act for these contractor's when one of its employees is injured, what real protection would the act provide. Contractors would be in effect be compelled to run the risk of waiving their protection under the act merely because of the inclusion of a contract provision that created no real independent obligation explicitly referencing the act but only defined a contractual commitment it was already assuming when it agreed to do a specific job.
If Vic Insulation is to avoid the strong public policy requirements of the Workers' Compensation Act it must explicitly allege that there was an agreement between Vic and Petco that Petco would perform this job in a safe manner and with due care and that that was part of its understanding with Petco. Such an allegation cannot be left to surmise or conjecture by the use of CT Page 37 ambiguous language, e.g. workmanlike manner, when the strictures of the act are sought to be avoided and Amodio v. Cunningham, supra, should not be read to dictate any other result. The first count is stricken.
(2)
The Court will not strike the second count because it specifically alleges in the fifth paragraph that an agreement to indemnify and hold harmless from all liabilities resulting from the work performed existed between Petco and Vic Insulation. The defendant Vic Insulation therefore does not seem correct in arguing that Vic insulation has "failed to allege that any agreement existed between the parties, either oral or written" (i.e. agreement to indemnify). A request to revise would have been appropriate here. In any event, the defendant Petco can if appropriate raise this argument in a motion for summary judgment.
The motion to strike the second count is denied.
(3)
The third count simply alleges Petco Insulation agreed to do all the work agreed to by Pepperidge Farm and Vic Insulation for Vic Insulation and that it was Petco that "was in control of the situation to the exclusion of" Vic Insulation (par. 4 and par. 6). Vic Insulation had no reason to know or anticipate the negligence of Petco. Even assuming this comports with the requirements of the active/passive negligence doctrine set forth in Kaplan v. Merberg Wrecking Corporation, 105 Conn. 411, 412
(1965) as Ferryman said 212 Conn. At page 144, this "would be inadequate" where the employer sought to be impleaded raises the policy arguments set forth in the Workers' Compensation Act. There must be, beyond an active/passive negligence claim an "independent legal duty" owed by the employer and it is only at that point that the Ferryman court refers to the language inLarson previously quoted. In itself, an active/passive theory of negligence will not avoid the policy of the act. The motion to strike the third count is granted.
The court grants the motion to strike the first and third count but denies the motion to strike the second count.
CORRADINO, J. CT Page 38