[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING MOTION TO STRIKE
On August 24, 2000, the defendants filed a motion to strike the special defense of intervening plaintiff/third-party defendant Troy Security Systems, Inc. (Troy). In its special defense, Troy asserts that it is immune from liability pursuant to the Workers' Compensation Act as to all three. counts of the defendants' counterclaim.[1]
The plaintiff, who was employed by Troy Security Systems, Inc., alleges that he was injured while engaged in the installation of a home alarm CT Page 14865 system at property owned by defendant, Danziger Homes, Inc. The defendant, Danziger Development, Inc. was the general contractor f or construction at the residence. After Troy was allowed to intervene f or purposes of recouping workers' compensation benefits, the defendants filed a counterclaim against Troy seeking indemnification and breach of contract.
The defendants acknowledge that under Ferryman v. Groton, 212 Conn. 138,561 A.2d 432 (1939), contribution or indemnification is generally impermissible under the exclusive remedy clause of the Workers' Compensation Act. The defendants also point out, however, that underFerryman, indemnification is permissible where the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity . . . (Internal quotation marks omitted.) Id., 144-45. The defendants additionally refer to Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 694 A.2d 788
(1997), in which the court held that while a determination of an independent legal relationship is not a required element for common law indemnity, such a finding is still required to defeat the exclusive remedy doctrine in actions involving the Workers' Compensation Act. Id., 698-99.
Ordinarily there is no right of indemnity or contribution between joint tortfeasors. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 412,207 A.2d 732 (1965). Indemnification is proper, however, from one on whom . . . primary liability is claimed to rest. (Internal quotation marks omitted.) Alvarez v. New Haven Register, Inc., 249 Conn. 709, 721,735 A.2d 306 (1999). Primary or active liability lies where "one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong . . . (Internal quotation marks omitted.) Crotta v. Home Depot, Inc., 249 Conn. 634, 642, 732 A.2d 767
(1999) "Indemnity, [therefore], shifts the impact of liability from passive joint tortfeasors to active [or primary] ones." Id.
In Ferryman, the court held that indemnification of a third party by an employer is permissible where the employer would normally be protected by the exclusive remedy clause if the alleged right to indemnification "springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation [to] indemnify a bailor, or a contractor's obligation to perform his work with due care . . ." Ferrymanv. Groton, supra, 212 Conn. 145, citing 2A A. Larson, Workmen's Compensation Law 76. The court in Ferryman further stated that "allegations that are based solely upon the "active or primary CT Page 14866 negligence' . . . principles . . . are simply inadequate to establish the independent relationship that would obviate the operation of the exclusive remedy doctrine . . . ." Ferryman v. Groton, supra,212 Conn. 145.
Because under Ferryman a "contractor's obligation to perform his work with due care" is adequate to establish an independent legal relationship"; Ferryman v. Groton, supra, 212 Conn. 145; the defendants must sufficiently plead in their counterclaim that such a relationship did exist between them and Troy to withstand the challenge to the counterclaim posed by Troy's special defenses. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff for third party defendant] has no cause of action." Danbury v. Dana InvestmentCorp., 249 Conn. 1, 17, ___ A.2d ___ (1999); see also Practice Book § 10-50.
In count two of their counterclaim, the defendants allege that they "entered into a contract with Troy Security Systems, Inc. wherein ITroy] agreed to . . . perform work . . . in a reasonably safe and workmanlike manner." The question therefore becomes whether this language is sufficient under Ferryman to establish an independent legal relationship so as to defeat the exclusive remedy clause and sustain the defendants' causes of action.
The Supreme Court's holding that an employer cannot avoid an indemnification claim if it breached an independent duty owed to a third party such as "a contractor's obligation to perform his work with due care"; Ferryman v. Groton, supra, 212 Conn. 145; was closely examined inScrivenes v. Pepperidge Farm, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 039946 (January 10, 1997, J.Corradino) (18 Conn.L.Rptr. 426). In Scrivenes, the court held that in light of Ferryman, "if an employer . . . explicitly agreed to perform its work with due care — that is with regard to ensuring safety at the worksite — then failure to so perform its contract would allow the entity for whom the work is done and who is sued by the . . . injured employee to implead the employer, if the employee claims injury as a result of the work not being done with due care." Id. "With such an explicit contractual agreement, the party whom the injured employee sues for negligence should be able to implead the employer . . . ." Id.
The court in Scrivenes, also held that an "agreement that the job be done in a workmanlike manner does not necessarily imply that it be done in a safe manner or with due care." Scrivenes v. Pepperidge Farm, Inc.,
Superior Court, Docket No. 039946. To avoid the strong public policy requirements of the Workers' Compensation Act, the court noted that there CT Page 14867 must be an explicit allegation that the employer agreed to perform its job in a safe manner and with due care. "Such an allegation cannot be left to surmise or conjecture by the use of ambiguous language, [such as] workmanlike manner . . . ." Id.; see also Rowan v. Briasco, Superior Court, judicial district of Middletown, Docket No. 033887 (January 25, 2000, J. Gordon) (26 Conn.L.Rptr. 309) (implied duty to perform contract for renovations in workmanlike manner not sufficient for a finding of an independent duty needed to avoid the exclusivity provision of the Workers' Compensation Act)
In the present case, the defendants specifically allege in count two of their counterclaim that Troy "agreed to . . . perform work at 31 Horizon Court . . . in a reasonably safe and workmanlike manner." The exact language of this allegation is important in that it operates as the sole factor in determining whether the exclusive remedy clause applies in this case. While the court in Scrivenes specifically held that the term "workmanlike manner" is insufficient to imply that work be done in a "safe manner or with due care," here the defendants allege that Troy agreed to perform the work "in a reasonably safe and workmanlike manner." This language is not ambiguous, and under Ferryman and Scrivenes, is sufficient to establish the existence of an independent legal relationship and to avoid the exclusive remedy provision of the Workers' Compensation Act. Accordingly, the defendant's motion to strike the intervening plaintiff/counterclaim defendant's special defenses is granted.
CHASE T. ROGERS SUPERIOR COURT JUDGE