[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Michael Johnston, filed a single count complaint alleging that the defendant, Connecticut Container Corporation (Container), negligently caused disabling injuries to Johnston. Factually, Johnston alleges that in his capacity of employment with the Sussex Corporation, he was sent to Container's premises to adjust the controls on a boiler. Container provided Johnston with a ladder to assist him in adjusting the boiler's controls. While climbing up the ladder provided by Container, a rung of the ladder broke away causing Johnston to fall to the floor and sustain injuries.
Johnston's employer, Sussex Corporation (Sussex), filed an intervening complaint on September 9, 1999, against Container seeking to recoup expenses it paid, or may become obligated to pay, on behalf of Johnston under the Workers' Compensation Act.
Container filed its two count amended counterclaim sounding in breach of contract and common law indemnification based on the theory of active/passive negligence against Sussex on May 11, 2001. Sussex filed a motion to strike the second count of Container's amended counterclaim on the ground that the count does not allege properly the elements of a cause of action for common law indemnification. Container filed its objection to Sussex's motion to strike on June 11, 2001.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim."Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496, CT Page 13360495 A.2d 286 (1985). "It is fundamental that in determining the sufficiency of a [counterclaim] challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "[I]f facts provable in the [counterclaim] would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Doe v. Yale University, supra, 252 Conn. 667.
Sussex argues that the contractual relationship between Sussex and Container fails to satisfy the "independent legal duty" element needed to allege a common law indemnity claim outside the exclusivity of the Workers' Compensation Act.[1] In opposition, Container asserts that according to Ferryman v. Groton, 212 Conn. 138, 561 A.2d 432 (1989), common law indemnity is allowed if the employer owes an obligation to the defendant via a contractual provision where the employer agrees to perform work with due care. Container argues that Sussex owed an independent legal duty to Container via a contract signed by the parties, and, therefore, Container has properly alleged all of the elements for a common law indemnification claim.
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ." Kaplan v. MerbergWrecking Corp., 152 Conn. 405, 412, 207 A.2d 7321 (1965). "Statutory law provides that, for most purposes, workers' compensation payments are the exclusive source of remedy against an injured employee's employer. General Statutes § 31-284 (a). . . . In view of the exclusivity of workers' compensation relief, indemnity claims against employers as joint tortfeasors warrant the special additional limitation of an independent legal relationship." (Citations omitted.) Skuzinski v. Bouchard Fuels,Inc., 240 Conn. 694, 699, 694 A.2d 788 (1997).
"When the third party, in a suit by the employee, seeks recovery over against a . . . negligent employer . . . [indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a CT Page 13361 contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a "primary' wrongdoer impliedly promises to indemnify a "secondary' wrongdoer, the great majority of jurisdictions disallow this claim." (Internal quotation marks omitted.) Ferryman v. Groton, 212 Conn. 138, 144-45, 561 A.2d 432
(1989).
In count two of its counterclaim, Container alleges that Sussex must indemnify Container because Sussex was in exclusive control over the training, regulation and supervision of Johnston; that Sussex's active and direct negligence is the proximate cause of Johnston's injuries; that Container did not know of Sussex's negligence or had reason to anticipate such negligence and relied upon Sussex not being negligent; and that the written contract between Container and Sussex creates an independent legal relationship giving rise to special duties owed by Sussex to Container. Specifically, Container alleges, in pertinent part, that "Sussex Corporation is liable to indemnify Connecticut Container Corporation because . . . the written contract between Connecticut Container Corporation and Sussex Corporation created an independent legal relationship that gave rise to special duties owed such as: i) Sussex Corporation agreed to properly provide burner service; and ii) Sussex Corporation agreed that all work would be completed in a professional manner according to standard practices."
While it is true that an independent legal relationship exists when a contractor agrees to perform his work with due care, Container only alleges that Sussex agreed to complete work in accordance with standard practices. "The agreement that the job be done in a workmanlike manner does not necessarily imply that it be done in a safe manner or with due care. . . . If language like `workmanlike manner' or that the job be completed `to comply with industry standards,' could remove the protections of the [Workers' Compensation] [Act for these contractor's when one of its employees is injured, what real protection would the act provide. Contractors would in effect be compelled to run the risk of waiving their protection under the act merely because of the inclusion of a contract provision that created no real independent obligation explicitly referencing the act but only defined a contractual commitment it was already assuming when it agreed to do a specific job." Scrivenesv. Pepperidge Farm, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 039946 (January 10, 1997,Corradino, J.) (18 Conn. L. Rptr. 426, 427-28); see also Britt v.Danzinger Development, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 157399 (November 27, 2000, Rogers, J.) (28 Conn. L. Rptr. 625, 626) (holding there must be an allegation of an explicit agreement to perform work with due care or in a reasonably safe manner in order to allege an independent legal duty outside of CT Page 13362 the exclusivity of the Workers' Compensation Act); Rowan v.Briasco, Superior Court, judicial district of Middlesex, Docket No. 88887 (January 25, 2000, Gordon, J.) (26 Conn. L. Rptr. 309, 310) (an agreement to perform work in a workmanlike manner does not equate to an agreement to perform work with due care.)
In the present case, Container fails to allege a contract where Sussex agreed to provide services in a reasonably safe manner or with due care. Therefore, Container's conclusory allegations of an independent legal relationship between Sussex and Container is unsupported by the facts alleged in the counterclaim. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215. Accordingly, Sussex's motion to strike the second count of Container's counterclaim is granted.
By the Court,
Judge Trial Referee