[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' MOTION TO STRIKE
In this civil action, the plaintiff Katherine Wright has sued in an individual capacity seeking return of rent and in a representative capacity on behalf of her minor child seeking to recover damages for personal injury allegedly sustained by the minor plaintiff due to exposure to lead-based paint. The defendant Roseanne Rogers filed a special defense and a counterclaim in two counts for contribution and indemnification premised on allegations that Wright was negligent in supervising the minor child and maintaining her household. The plaintiffs have moved to strike the special defense and counterclaim claiming they are barred by the doctrine of parental immunity.
This court has concluded previously that claims of negligent parental supervision, including claims of negligent housekeeping, whether raised by way of special defense or counterclaim, are barred by the doctrine of parental immunity in actions seeking damages for personal injury to a minor child caused by exposure to lead-based paint, even if the parents are parties to the lawsuit. Clements v. Rattinger, Superior Court, judicial district of Danbury, Docket No. 323063 (Aug. 3, 1998, Lager, J.);Richardson v. Schochat, Superior Court, judicial district of New Haven, Docket No. 398264 (Jan. 29, 1998, Lager, J.) (special defenses and counterclaim); Ayala v. Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450 (June 30, 1997, Lager, J.); Tobin v. Connecticut Housing FinanceAuthority, Superior Court, judicial district of New Haven, Docket No. 333231 (June 17, 1997, Lager, J.) (special defense and CT Page 11349 counterclaim); see Cardona v. White, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 544375 (Aug. 3, 1998, Lager, J.); Martinez v. Maturana, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 473382 (July 14, 1997, Lager, J.); Pickering v. Stanchak,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 470124 (July 14, 1997, Lager, J.); Sabatucciv. Murphy, Superior Court, judicial district of New Haven at Meriden, Docket No. 247259 (July 14, 1997, Lager, J.); Norwood v.Gordon, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 472232 (April 28, 1997, Lager, J.).
In a recent decision, our Supreme Court concluded that "the doctrine of parental immunity operates to preclude the parent of a minor child from being joined as a third-party defendant for purposes of apportionment of liability, contribution or indemnification based on the parent's allegedly negligent supervision of the minor plaintiff." Crotta v. Home Depot, Inc.,249 Conn. 634, 644-45, ___ A.2d ____ (en banc 1999). In so ruling, the court emphasized that because a claim of contribution or indemnification may only be brought against a tortfeasor liable to the plaintiff the effect of the doctrine of parental immunity, which in this state bars a parent from being held liable for negligent supervision, is that there is no basis to assert a common-law claim for contribution or indemnification.Id., 249 Conn. 639-642. Furthermore, in light of the majority's reiteration of the strong policy reasons underlying the application of the parental immunity doctrine in Connecticut,id., 249 Conn. 643-45, this court concludes that the doctrine likewise bars the defense to Wright's claim for return of rent. To rule otherwise "would permit the defendant to accomplish indirectly that which could not be accomplished directly." Id.,249 Conn. 644.
Accordingly, the plaintiffs' motion to strike is granted.
Linda K. Lager, Judge