[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On September 28, 1999, the plaintiff, William Robyn, through his parent, Peter Robyn, brought this action against the minor defendant, Nolan Palmer-Smith (minor defendant), and his parent and guardian, Mem Palmer-Smith (defendant). The plaintiff alleges the following facts: on September 26, 1997, the minor defendant, a member of the defendant's household, and the plaintiff were present at the defendant's home in Wilton. The plaintiff alleges that the minor defendant consumed hallucinogenic substances and after perceiving the plaintiff as needing to be brought under control, kicked and punched the plaintiff numerous times as well as struck him in the head with a shovel and rammed his head into a tree. The plaintiff alleges that as a result of the minor defendant's actions, the plaintiff incurred serious injuries.
On March 3, 2000, the defendant brought a motion to strike the second count of the plaintiff's complaint on the ground that it is legally insufficient and fails to state a claim upon which relief may be granted. In the second count of his complaint, the plaintiff alleges that his injuries were caused by the carelessness and negligence of the defendant in that (1) she failed to exercise reasonable care in controlling her minor child in order to prevent him from harming others; and (2) she failed to control her minor child's abuse of illegal substances although she knew or should have known that her minor child was involved with these substances.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). CT Page 2783
First, the defendant argues that count two of the plaintiff's complaint must be stricken because the plaintiff does not allege an exception to the common law rule that a parent is not liable for the torts of its minor child. The defendant argues that the plaintiff only alleges a claim of negligent supervision which is not one of the exceptions. The plaintiff responds that count two of his complaint is legally sufficient as he has alleged that the defendant knew or should have known of her child's dangerous tendencies and that this is a recognized exception.
"It is well-established in this state that a parent at common law is not liable for [its] child's tort unless the parent either makes a dangerous instrumentality available to the child which the child is incapable of handling or the parent fails to control a child's known dangerous propensities." (Brackets in original; internal quotation marks omitted.) Burke v. Fitzgerald, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322083 (September 22, 1997,Melville, J.). "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent him from . . . so conducting himself as to create an unreasonable risk of bodily harm to . . . [others], if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) know or should know of the necessity and opportunity for exercising such control." (Internal quotation marks omitted.) Murphy v. Lachapell, Superior Court, judicial district of Waterbury at Waterbury Docket No. 142410 (May 23, 1999,Pelligrino, J.).
In this case, the plaintiff alleges that the defendant failed to exercise reasonable care in controlling her son and preventing him from harming others and that she failed to control his abuse of illegal substances although she knew or should have known that her son was involved with them. Consequently, the court finds that the language of count two sufficiently alleges that the defendant knew or should have known of her child's dangerous tendencies and therefore, the plaintiff has sufficiently alleged an exception to the general rule that a parent is not liable for the torts of its minor child.
Next, the defendant argues that count two must be stricken because under the holding in Crotta v. Home Depot, Inc., 249 Conn. 634,732 A.2d 767 (1999), Connecticut does not allow a third-party to bring a common law cause of action in order to impose liability on a parent for the actions of a minor child. The plaintiff responds that Crotta does not apply in this instance because Crotta was a case about parental immunity
and the present case concerns parental liability for the actions of her minor child. CT Page 2784
The court finds the defendant's reliance on Crotta unpersuasive. InCrotta, the Connecticut Supreme Court held that "the doctrine of parental immunity operates to preclude the parent of a minor plaintiff from being joined as a third party defendant for purposes of apportionment ofliability, contribution or indemnification based on the parent's allegedly negligent supervision of the minor plaintiff" (Emphasis added.)Crotta v. Home Depot, Inc., surpa, 249 Conn. 644-45. "[Parental immunity] bars an unemancipated child from suing his or her parents for personal injuries." (Emphasis added; internal quotation marks omitted.) Crotta v.Home Depot, Inc., supra, 638. Here, unlike in Crotta, the plaintiff is not bringing this action against his parent, but rather, the plaintiff is bringing this action against the defendant parent. Furthermore, in this case, unlike in Crotta, there are no issues regarding apportionment of liability, contribution or indemnification being brought by a third party. Consequently, this court does not find the holding of Crotta
applicable in the present case.
Finally, the defendant argues that count two must be stricken because the plaintiff may only bring a cause of action against the parents of a minor under Connecticut General Statutes § 52-272, and as the plaintiff has asked for this statutory relief in count three of his complaint, he may only rely, therefore, on that statutory provision for relief. The plaintiff responds that General Statutes § 52-272 is not the exclusive remedy because General Statutes § 52-272 (c)[1]
provides that a statutory remedy is not the only relief available if any other liability exists at law. The plaintiff argues he has alleged an exception to the common law rule regarding parental liability and therefore, is also entitled to common law relief.
The court finds that because the plaintiff has alleged an exception to the common law rule that a parent is not liable for the torts of its minor child, General Statutes § 52-572 is not the exclusive remedy under which the plaintiff may receive relief. As provided under General Statutes § 52-572 (c), when other liability exists, as is the case here, under the common law the plaintiff may receive that additional relief.
In conclusion, the plaintiff has alleged a legally sufficient claim in count two of his complaint. Accordingly, the defendant's motion to strike count two of the plaintiff's complaint is hereby denied.
So Ordered.
D'ANDREA, J.