[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE CROSS CLAIM OF DEFENDANTS JOHN, BRENDA AND STEPHEN VOTTO
INTRODUCTION
The amended complaint ("complaint") alleges that this action has been brought by the plaintiff Violet Skrzyniarz ("Violet") on behalf of her minor son (hereinafter, sometimes, "Shawn") for personal injuries which he sustained as the result of an accident involving a lawn tractor ("tractor"). The complaint further alleges that the defendants Brenda and John Votto allowed their 12 year old son, the defendant Stephen Votto ("Stephen" who, together with Brenda and John Votto are hereinafter, collectively, sometimes referred to as the "Vottos"), to operate the tractor without supervision, as a result of which Stephen negligently caused injury to Shawn.
The complaint further alleges that the defendants Martin and John Herasimovich d/b/a Yalesville Lawn Garden Power Equipment (hereinafter, collectively, "Yalesville") were, collectively, an authorized dealer of tractors which were manufactured and distributed by the defendants Husqvarna Forest and Garden Company and/or Husqvarna CT Page 4493 U.S.A. and/or White Consolidated Industries, Inc. (hereinafter, collectively, "Husqvarna"), and that Yalesville and Husqvarna were negligent in the following respects, which acts of negligence caused Stephen's injuries:
As to Yalesville:
 a) Yalesville sold the tractor to the defendant John Votto ("John") when it knew that Stephen, then 11 years old, would operate the tractor, in spite of the fact that Yalesville also knew that the tractor should not have been operated by a minor;
 b) Yalesville failed to warn John of the dangers involved in allowing a minor to operate the tractor;
 c) Yalesville failed to provide to John an owner's manual printed in English containing warnings regarding the use of the tractor by children; and,
 d) Yalesville failed to instruct John and Stephen in the proper and safe operation of the tractor.
As to Husqvarna:
 a) Husqvarna failed to instruct its authorized dealers, including Yalesville, of the dangers associated with the operation of the tractor by minors;
 b) Husqvarna failed to supply to Yalesville an operator's manual printed in English (which, by implication, would have warned of the dangers associated with the operation of the tractor by minors); and,
 c) Husqvarna failed to train properly its authorized dealers, including Yalesville, in the safe use and operation of the tractor.
The complaint also alleges that Violet, as the mother of Stephen, has incurred expense, and will incur expense in the future, for the treatment of Shawn's injuries.
The Vottos have alleged, in an amended apportionment complaint CT Page 4494 ("apportionment complaint"), that Yalesville and Husqvarna were each negligent in one or more of the respects alleged in the complaint, which acts of negligence subject Yalesville and Husqvarna[1] to apportionment.
Husqvarna has filed a cross claim against the Vottos which alleges, in toto:
 "1. The plaintiffs, Violet Skrzyniarz and Shawn Skrzyniarz, have commenced this action seeking damages as a result of the incident which is alleged to have occurred on or about July 1, 1998.
 "2. These defendants have denied and continue to deny any and all liability and/or negligence on their own behalf.
 "3. Nevertheless, in the event that these defendants are adjudged to be liable to the plaintiffs, such liability being specifically denied, said defendants state that they are entitled to full contribution and/or indemnification from defendants John Votto, Brenda Votto and Stephen Votto."
The Vottos have moved to strike the Husqvarna cross claim on the following grounds:
 "1. There is no right to contribution until after judgment has entered;
 "2. The cross claim pleads no facts giving rise to a right of indemnification; and
 "3. The cross claim cannot be amended to plead facts establishing the requisite elements for common law indemnification."
DISCUSSION
 Contribution
In Crotta v. Home Depot, Inc., 249 Conn. 634 (1999), the court stated:
 Contribution is a payment made by each, or by any, CT Page 4495 of several having a common interest or liability of his share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others. . . . The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligations. (Citations omitted; internal quotation marks omitted.)
Id., 639-40.
Because Husqvarna has not alleged, in its cross claim, that it has yet been compelled to pay anything to any party, its claim for contribution is not ripe.
Indemnification
In Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65 (1990), the court stated:
 We have . . . consistently held that, if a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought. . . . Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiffs, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. (Citations omitted; internal quotation marks omitted.)
Id., 74.
Because Husqvarna has not alleged in its cross claim any of the four CT Page 4496 elements of a claim for indemnification enunciated in Burkert, that claim cannot survive attack.
CONCLUSION
The motion to strike is granted.
G. Levine, J.