[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION TO STRIKE
The underlying action in the present case was commenced by the plaintiff, Mary Russell, on December 3, 1998, against the defendants, Waterbury Hospital, Theresa Brewer, and Advanced Medical Recruiters, Inc. In her complaint, Russell alleges that on January 9, 1998, she was admitted to Waterbury Hospital for an ultrasound and was placed on a stretcher in the ultrasound department of the hospital. The plaintiff further alleges that while on the stretcher, Brewer released the stretcher from its inclined position causing the plaintiff to fall quickly and forcefully backward from an inclined position to a flat position, thus sustaining serious injuries.
On March 8, 2000, Waterbury Hospital moved to implead both MedSafe, Inc. (MedSafe) and Advanced Personnel of Southington, Inc. (Advanced Personnel) on the grounds that MedSafe merged with Advanced Medical Recruiters in 1999, and that Brewer was an employee of Advanced Personnel at the time of the incident.
On June 19, 2000, the court, Weiss, J., granted the motion to implead and on July 12, 2000, Waterbury Hospital filed a complaint against the third party defendants, MedSafe and Advanced Personnel. The first count of the third party complaint alleges that MedSafe is liable for any liability found against Advanced Medical Recruiters. The second count of the third party complaint alleges that Advanced Personnel is liable for Brewer's negligence. Waterbury Hospital seeks attorneys fee and indemnification from both third party defendants for any damages assessed against it by the plaintiff. CT Page 7229
On September 20, 2000, Advanced Personnel filed a motion to strike the second count of the third party complaint, arguing that count two fails to state a claim upon which relief may be granted because Waterbury Hospital fails to set forth a cognizable claim for indemnification. On October 13, 2000, Waterbury Hospital filed a memorandum in opposition to the motion to strike. On December 29, 2000, Advanced Personnel filed a supplemental memorandum in support of its motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
In its motion to strike, Advanced Personnel argues that the third party plaintiff, Waterbury Hospital, has failed to state a proper cause of action for indemnification. Advanced Personnel further argues that because Waterbury Hospital and Advanced Personnel are both passive employers, indemnification is not proper in this case.
"Ordinarily there is no right of indemnity or contribution between joint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between "active or primary negligence," and "passive or secondary negligence.". . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones. . . ." (Internal quotation marks omitted.) Crotta v. Home Depot, Inc.,249 Conn. 634, 642, 732 A.2d 767 (1999). "Thus, the common-law doctrine of indemnification permits a tortfeasor to assert a claim only against another liable tortfeasor." Id. CT Page 7230
"[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence' of the party against whom reimbursement is sought. . . . Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiffs, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Citations omitted; internal quotation marks omitted.) Burkert v. Petrol Plus of Naugatuck,Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
In the second count of its third party complaint, Waterbury Hospital alleges that Brewer was negligent, that she was the direct and immediate cause of Russell's injuries, that she maintained exclusive control over the situation, and that Waterbury Hospital had no knowledge of Brewer's negligence, nor had any reason to expect Brewer's negligence. Waterbury Hospital further alleges that because Brewer was employed by Advanced Personnel at the time of the accident, Advanced Personnel is liable for Brewer's negligence and should, therefore, indemnify Waterbury Hospital for any damages assessed against it by Russell.
Because the purpose of indemnification is to reimburse one party in full "from [another] on whom a primary liability is claimed to rest";Krytatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988); Waterbury Hospital must sufficiently allege that Advanced Personnel isprimarily liable for the acts of Brewer. Waterbury Hospital argues in their opposition to the motion to strike that Advanced Personnel is primarily liable for Brewer's actions through the doctrine of vicarious liability.
In Alvarez v. New Haven Register, Inc., 249 Conn. 709, 735 A.2d 306
(1999), the court recognized "that [a master and a servant] are both undoubtedly tortfeasors, and that the injured plaintiff may look for reparation from either the agent or the principal". Id., 720. "Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other." (Internal quotation marks omitted.) Id. The court further held that "aside from the relationship between the parties creating the doctrine of vicarious liability, the principal is not a tortfeasor in the true sense of the word because he is not independently liable based upon his own independent actionable fault." Id., 720-21. In light of this, the court held that only CT Page 7231 indemnification, and not contribution, is appropriate in actions arising under the doctrine of vicarious liability.
Because Advanced Personnel may be vicariously liable for the negligent acts of its employee, the court finds that Waterbury Hospital may have a right of indemnification against Advanced Personnel under the precedent set forth in Alvarez v. New Haven Register, Inc., supra, 735 Conn. 720-21. The third party complaint sufficiently alleges the four elements of indemnification as set forth in Burkert v. Petrol Plus of Naugatuck,Inc., supra, 216 Conn. 74, as well as the employer/employee relationship between Brewer and Advanced Personnel.
For the foregoing reasons, Advanced Personnel's motion to strike count two of Waterbury Hospital's third party complaint is hereby denied.
 Court, Joseph W. Doherty, Judge CT Page 7232
[EDITORS' NOTE: This page is blank.] CT Page 7233 [EDITORS' NOTE: This page is blank.] CT Page 7234 [EDITORS' NOTE: This page is blank.] CT Page 7235 [EDITORS' NOTE: This page is blank.] CT Page 7236