[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANTS' MOTION TO STRIKE
The minor plaintiff, Sara Lufi, and her mother and guardian, Muazes Islami, brought this action against the defendants, Jeton Islami (Jeton) and Healy Chevrolet Oldsmobile, alleging vehicular negligence. The plaintiffs allege that Jeton struck the pedestrian minor plaintiff in a parking lot in New Fairfield, Connecticut. The defendants filed a two count apportionment complaint, pursuant to General Statutes §52-572h(c), against the minor plaintiff's father, Rackip Lufi, alleging negligent and reckless supervision of the child.[1] The plaintiffs now move to strike the apportionment complaint on the ground of parental immunity.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859, 733 A.2d 869 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sherwood v. DanburyCT Page 8001Hospital, 252 Conn. 193, 212-13, 746 A.2d 730 (2000).
The plaintiffs argue that the claims of negligence and recklessness in the apportionment complaint are barred by the doctrine of parental immunity.[2]
"[The] doctrine bars an unemancipated child from suing his or her parents for personal injuries. . . . Under this doctrine a parent is not liable civilly to his child for personal injury inflicted during the child's minority." (Brackets omitted; citations omitted; internal quotation marks omitted.) Crotta v. Home Depot, Inc., 249 Conn. 634,638, 732 A.2d 767 (1999). "The primary focus of the parental immunity doctrine in Connecticut is the protection of the relationship between the parent and the child. The protection of that relationship enables the parent to raise the child effectively without undue interference from the state." Id., 643. "The supervision, care and instruction of one's child involves issues of parental control, authority and discretion that are uniquely matters of a very personal type. . . . Each parent has unique and inimitable methods and attitudes on how children should be supervised. Likewise, each child requires individualized guidance depending on intuitive concerns which only a parent can understand. . . . Courts should not unnecessarily involve themselves in the day-to-day exercise of parental discretion regarding the upbringing and care of children. To do so would undermine parental authority in the very personal endeavor of child rearing and inject the machinery of the state into an area where its presence might be the occasion for family discord." (Citations omitted; internal quotation marks omitted.) Id. 643-44.
The Crotta court held that the doctrine "operates to preclude the parent of a minor plaintiff from being joined as a third party defendant for purposes of apportionment of liability, contribution or indemnification based on the parent's allegedly negligent supervision of the minor plaintiff." Id., 644-45. Thus, the defendants are barred from apportioning the minor plaintiff's father based on negligent supervision. The motion to strike the first count of the apportionment complaint is granted.
As for the recklessness count, General Statutes § 52-572h(o)[3]
prohibits a negligent party to apportion a party based on any non-negligent tort. The defendants argue that under the holding ofBhinder v. Sun Co., 246 Conn. 223, 717 A.2d 202 (1998), a negligent party has a common law right to apportion a reckless or intentional tortfeasor. As the defendants' argument ignores statutory and legislative precedent, the court is completely unpersuaded by this argument. Public Act 99-69 § 1(o), which added subsection (o) to § 52-572h, CT Page 8002 legislatively overruled the decision set forth in Bhinder. Allard v.Liberty Oil Equipment Co., 253 Conn. 787, 801-04, 756 A.2d 237 (2000). Accordingly, this court concludes that under the clear language of §52-572h(o), a negligent party may not apportion a party on any basis other than negligence. The defendants, whose liability is based on alleged negligence, cannot, therefore, assert a claim of recklessness against the minor plaintiff's father.
The plaintiffs' motion to strike the apportionment complaint is granted.
White, J.