[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Elliott Frauenglass, is seeking contribution from the defendant, Ghulam Azhar, on the ground that the plaintiff has paid more than his proportionate share of debts that are personally guaranteed by both parties. The plaintiff and defendant are co-owners of a corporation known as Ortho-Dent Manufacturing, Inc. (Ortho-Dent). On or about April 16, 1998, Ortho-Dent borrowed $50,000 from Webster Bank to purchase a Scribra Nd. Yag. laser machine (the laser machine), a high tech machine used to finish surgical instruments. The loan was secured by the laser CT Page 12637 machine and guaranteed by the plaintiff, his wife[1] and the defendant. Subsequently, on October 23, 1998, Ortho-Dent borrowed an additional $25,000 line of credit, which was personally guaranteed by the plaintiff and the defendant.
In July of 1999, the plaintiff suspended his active management and participation in Ortho-Dent. In September of 1999, a flood inundated Ortho-Dent's principal place of business and destroyed its machinery, including the laser machine, such that it could no longer conduct its business or make the monthly payments on the two loans. The plaintiff filed an action seeking, inter alia, an order dissolving Ortho-Dent and appointing a receiver. See Frauenglass v. Ortho-Dent ManufacturingCompany, Inc., Superior Court, judicial district of New Britain, Docket No. 501552. On April 28, 2000, the plaintiff and his wife entered into a mortgage deed and security agreement with Webster Bank securing the two aforementioned loans with their personal residence at 303 Lamplighter Lane, Newington, Connecticut. This transaction was recorded in volume 1343 page 288 of the Newington land records.
Prior to the flood, Ortho-Dent through the defendant, paid approximately $14,000 to Webster Bank on the two aforementioned loans. According to Webster Bank's records dated July 3, 2000, there remained balances in the amounts of $28,949.32 and $23,177.72 on the two outstanding loans. The plaintiff is obligated to monthly payments of $454.63 and $534.27 on the loans. As of the date of trial, the loans were still not paid in full.
The plaintiff asserts that he has paid more than his proportionate share on the loans, entitling him to a right of contribution from the defendant. The defendant responds by arguing that the plaintiff is not entitled to contribution until the entire debt is paid in full. Therefore, the question before the court is when does the right of contribution accrue.
"The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." Crotta v. Home Depot, Inc., 249 Conn. 634,639-40, 732 A.2d 767 (1999). "[A] claim for contribution does not accrue, and the statute of limitations does not begin to run until final payment is made by [the party compelled to pay the debt]." Dunham v.Brick, Superior Court, judicial district of Middlesex, Docket No. 63999 (January 11, 1993, Walsh, J.)
In the present case, the plaintiff has failed to prove that he paid the CT Page 12638 loans in full. In fact, the documentation from Webster Bank shows balances remaining in the amounts of $28,949.32 and $23,177.72 on the two outstanding loans. Until such time that the plaintiff can prove final payment of the debt, this claim for contribution has not ripened into a viable cause of action. Accordingly, the court finds in favor of the defendant in the above entitled action.
ANGELO L. dos SANTOS JUDGE OF THE SUPERIOR COURT