[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION TO STRIKE CROSS CLAIMS; DBP SEPTIC SYSTEM, LLC #121 WILLIAM RAVEIS REAL ESTATE INC. #123
The plaintiff, Wanda A. Dorion, is the owner of a piece of real property located in East Lyme, Connecticut. She purchased the property from the defendants Gilbert W. Foote and Janyce M. Foote. On May 3, 2001, the plaintiff filed an amended five count complaint against the defendant sellers and sellers' agent Re/Max Shoreline, LLC (Re/Max).
In count one of the amended complaint, the plaintiff alleges that the defendants knowingly made fraudulent representations concerning the condition of the septic system, roof and the existence of rodents to the plaintiff buyer. The plaintiff alleges that she relied on the defendants' representations to her detriment, suffering pecuniary loss and damages. In count two, the plaintiff repeats the allegations in count one and further alleges that the defendants intentionally misrepresented or withheld information concerning the defective septic system, the roof and rodent infestation. In count three, the plaintiff again repeats the allegations in count one, further alleging that the defendants failed to exercise reasonable care and competence in making representations concerning the condition of the property. In count four, the plaintiff repeats the allegations in count one and alleges that the defendant sellers stand in breach of contract with the plaintiff. In count five, the plaintiff alleges violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b et seq., incorporating by reference the allegations of count one.
On May 24, 2001, Re/Max filed an apportionment complaint against DBP Septic Systems, LLC (DBP), William Raveis Real Estate, Incorporated (Raveis) and Christopher Gauthier. Both DBP and Raveis were sewed with process on May 29, 2001. On June 18, 2001, Raveis filed an appearance. Subsequently, on June 21, 2001, DBP filed an appearance. On July 26, 2001, Raveis filed an motion to strike the apportionment complaint. That motion was granted on September 4, 2001. On August 2, 2001, DBP filed a motion to strike the apportionment complaint. That motion was granted on September 10, 2001.
On August 15, 2001, Re/Max filed a cross claim against DBP, Raveis, and Christopher Gauthier seeking indemnification for any amount paid to or on behalf of the plaintiff. In count one of its cross claim Re/Max alleges that Raveis, representing the buyer at the time of the sale, acted negligently. Re/Max further alleges that Raveis' omissions and misrepresentations were the direct cause of the damages sustained by the plaintiff, that Raveis was in control of the situation to the exclusion of CT Page 2838 Re/Max and that Re/Max did not know of Raveis' negligence. In count two of the cross claim, Re/Max alleges that DBP was hired by the defendant sellers to inspect the septic system prior to closing. Re/Max alleges that DBP was in control of the situation to the exclusion of Re/Max, and that any information it conveyed to the plaintiff was obtained from DBP. Re/Max alleges that it did not know of any negligence on the part of DBP, nor did they have any reason to anticipate negligence by DBP.
On October 2, 2001, DBP moved to strike count two of the cross claim. The motion to strike is accompanied by a memorandum of law. On October 10, 2001, Raveis filed a motion to strike count one of the cross claim. The motion to strike is accompanied by a memorandum of law. On November 5, 2001, Re/Max filed an objection to both motions to strike, attaching a single memorandum of law.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof. . . ." (Internal quotation marks omitted.)Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362, 366 n. 5,672 A.2d 939 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts . . . are taken as admitted." (Internal quotation marks omitted.) Id. "Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
In support of its motion, DBP argues that because the motion to strike the apportionment complaint filed by Re/Max against DBP was granted, DBP was removed as a party to the suit. Consequently, DBP argues that pursuant to Practice Book § 10-10, a cross claim against it is improper. In support of its motion to strike, Raveis makes the same argument. DBP further argues that Re/Max should seek indemnification from CT Page 2839 DBP pursuant to Practice Book § 10-11. In opposition to both DBP and Raveis, Re/Max argues that because it filed a cross claim prior to the court granting the motion to strike the apportionment complaint, the cross claim remains a valid action.
Pursuant to Practice Book § 10-10, "[i]n any action for legal or equitable relief, any defendant may file . . . cross claims against any codefendant provided that each such . . . cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . . A defendant may also file a . . . cross claim under this section against any other party to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant." Practice Book §10-10. Pursuant to Practice Book § 10-11(a), "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to such defendant for all or part of the plaintiff's claim against him or her." Practice Book § 10-11(a).
The record indicates that on May 29, 2001, both DBP and Raveis were sewed with a copy of the summons and the apportionment complaint. Following service, on June 18, 2001, Raveis filed an appearance. Subsequently, on June 26, 2001, DBP filed an appearance. Consequently, at the time the cross claim was filed, both DBP and Raveis were parties to the action. Furthermore, the cross claim was filed by Re/Max for the purpose of establishing DBP's and Raveis's liability for all or part of the plaintiff's claim against Re/Max. Therefore, the cross claim is a proper action under Practice Book § 10-10. Practice Book § 10-11
(a) is inapplicable because it prescribes the procedure for impleading "a person not a party to the action. . . ." Practice Book § 10-11(a).
DBP argues further that even if Re/Max seeks indemnification, the claim will fail because Re/Max's allegations are merely conclusions of law, not supported by a proper factual basis. Raveis joins in this argument, further arguing that the claim for indemnity must fail because the necessary elements to support this cause of action are not present.
"In an action for indemnity . . . one tortfeasor seeks to impose total liability upon another. . . ." (linternal quotation marks omitted.)Crotta v. Home Depot, Inc., 249 Conn. 634, 641, 732 A.2d 767 (1999);Brett v. Homeworks, Superior Court, judicial district of New London at New London, Docket Number 552249 (February 15, 2000, Martin, J.). "[I]ndeminty involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ."(Internal quotation marks omitted.) Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 697-98 n. 3,694 A.2d 788 (1997). A defendant seeking indemnity must allege: "(1) that CT Page 2840 the other tortfeasor was negligent; (2) that [that] negligence, rather than [the defendant's], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [the defendant]; and (4) that [the defendant] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Citations omitted; internal quotation marks omitted.) Id., 698.
In its cross claim Re/Max alleges that DBP acted negligently and that DBP's omissions and misrepresentations caused the plaintiff damage. Re/Max does not, however, set forth a proper factual basis to support this claim. Re/Max does not indicate what omissions and misrepresentations were made by DBP. Rather, Re/Max merely states that DBP was hired to inspect the septic system some time before the closing. Similarly, Re/Max alleges that Raveis's omissions and misrepresentations were the direct cause of the plaintiff's injury, without setting forth what those omissions and misrepresentations were. In addition, Re/Max concludes that Raveis was in control of the situation to the exclusion of Re/Max without setting forth a factual basis to support this claim. Throughout its complaint, Re/Max draws conclusions of law without alleging facts in support. "[O]ur rules of practice require fact pleading. See Practice Book § 10-1." Emerick v. Kuhn, 52 Conn. App. 724,749 n. 18, 737 A.2d 456, cert. denied, 249 Conn. 929, 738 A.2d 653, cert. denied, 528 U.S. 1005, 120 S.Ct. 500, 145 L.Ed.2d 386 (1999). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). Consequently, DBP's and Raveis's motions to strike the cross claim filed against them by Re/Max are granted.
 CONCLUSION
For the foregoing reasons, the motion to strike counts one and two of the cross claim filed by Re/Max against DBP and Raveis is granted.
D. Michael Hurley, Judge Trial Referee CT Page 2841