[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
The plaintiff, Alcoa Composites, Inc., filed a two count complaint against the defendants, Bonded Technology, Inc. (BTI) and Robert C. Miller, in his capacity as president of BTI, alleging as to each defendant breach of contract and violation of the Connecticut Transfer Act, General Statutes § 22a-134 et seq.[1] The plaintiff avers in its complaint that it purchased the assets of BTI and formed the Bonded Technology Division of Alcoa Composites, Inc. (BTD) in July of 1990. On July 8, 1993, the plaintiff sold the assets of BTD back to Miller. The parties entered into an agreement stipulating in part that (1) Miller would file the requisite forms identifying Miller as the party responsible for remediating the property; and (2) the plaintiff would pay the filing fees incurred in complying with the Transfer Act. Miller filed a Form III on March 10, 1994. (Motion to Strike, Exhibit C.)
The plaintiff further alleges that the Department of Environmental Protection (DEP) issued an order determining that the property was not in compliance with the Transfer Act. Moreover, the plaintiff and the defendants were rendered jointly and severally liable for the costs associated with bringing the property into compliance. The plaintiff avers that the defendants have not complied with the DEP order and, therefore, are in breach of the July 8, 1993 agreement as well as in violation of the Transfer Act.
On September 7, 2000, the plaintiff commenced the present action by service of process upon both defendants. On September 29, 2000, the DEP filed a motion to intervene pursuant to Practice Book § 17-56(b). The court granted the motion on October 10, 2000. The court subsequently granted the plaintiff's motions for judgment for failure to appear as to CT Page 5682 BTI and judgment for failure to plead as to Miller on December 4 and December 19, 2000 respectively. On November 14, 2000, the defendants did, however, file a motion to permit notice of four special defenses, pursuant to Practice Book § 17-38, filed beyond the normal ten day limit enumerated in Practice Book § 17-35. The court subsequently granted the motion as to the second special defense at a hearing held on November 29, 2000. The special defense alleges that the plaintiff cannot raise a contribution claim, or any other related cause of action, because the plaintiff is jointly and severally liable for the contamination of the property according to the DEP order.
Presently before the court is the plaintiff's motion to strike the remaining special defense. The plaintiff properly filed its motion to strike along with an accompanying memorandum of law in support, pursuant to Practice Book § 10-42(a), on January 14, 2002. The plaintiff moves to strike the special defense on the ground that it is legally insufficient as a matter of law. The defendants submitted their memorandum in opposition on January 14, 2002. The DEP also filed a memorandum concerning the plaintiff's motion to strike on January 8, 2002.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of . . . any special defense . . . that party may do so by filing a motion to strike the contested pleading . . . Practice Book § 10-39; Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on [a] motion to strike, the trial court [is obligated] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
The plaintiff first contends that the special defense should be stricken because count one does not allege contribution. In addition, the fact that the DEP order found the plaintiff to be jointly and severally liable for the contamination of the property does not preclude the plaintiff from raising a contract claim. The defendants argue in opposition that the special defense is legally sufficient because (1) count one, notwithstanding the language employed, alleges a claim of contribution or indemnification; and (2) the plaintiff is not entitled to raise a breach of contract claim as a matter of law.
Count one of the complaint sounds in contract. "The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." Ro-Tam Sheetmetal v. Nu-Way Heating Air, Superior CT Page 5683 Court, judicial district of Danbury, Docket No. 334970 (October 16, 2001, Holden, J.). In the present case, the plaintiff alleges that the parties executed a "Letter Agreement" and that the defendants failed to perform as required under the instrument. (Complaint, Count One, ¶¶ 15, 23-27.) The plaintiff further avers that it has sustained damages as a result of the defendants' actions. (Complaint, Count One, ¶¶ 28-29.) Accordingly, the court finds that the plaintiff sufficiently alleges all of the elements necessary to state a breach of contract claim.
The defendants assert, however, that the gravamen of the plaintiff's action is contribution. "The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly
bound to pay a sum of money, one party is compelled to pay the entiresum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." (Emphasis in original; emphasis added; internal quotation marks omitted.) Crottav. Home Depot, Inc., 249 Conn. 634, 639-40, 732 A.2d 767 (1999).
It is well settled that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999); Practice Book § 10-50. Nowhere in the complaint does the plaintiff allege that it was compelled to pay the entire amount necessary to bring the property into compliance with the Transfer Act. Since the plaintiff is not seeking contribution, the defendants' special defense does not properly address the claim alleged in count one-namely, breach of contract.[2] The court therefore concludes that the special defense is insufficient as a matter of law with respect to count one.
The plaintiff also argues that the special defense is legally insufficient as to count two. Specifically, the DEP order rendering the plaintiff jointly and severally liable for the property does not bar the plaintiff's Transfer Act claim. The defendants counter that the plaintiff is not entitled to raise a Transfer Act claim as a matter of law.
General Statutes § 22a-134b provides in relevant part: "Failure of the transferor to comply with any of the provisions of sections 22a-134
to 22a-134e, inclusive, entitles the transferee to recover damages from the transferor and renders the transferor . . . strictly liable . . . for all remediation costs and for all direct and indirect damages." (Emphasis added.) The plaintiff alleges in its complaint that Miller is the "certifying party" and is therefore obligated to investigate and remediate the site pursuant to § 22a-134 (6).[3] (Complaint, Count Two, ¶ 23.) The plaintiff further avers that the defendants have CT Page 5684 failed to undertake their statutorily prescribed duties. (Complaint, Count Two, ¶¶ 24, 28.) As a result, the plaintiff requests declaratory and injunctive relief, as well as costs involved in bringing the present action.
The defendants respond that General Statutes § 22a-134b does not contemplate attorney's fees and other related costs. The broad statutory language and dearth of case law militate against such an interpretation. The court previously arrived at the same conclusion in Hartt v.Schwartz, Superior Court, judicial district of New Haven, Docket No. 331912 (March 25, 1993, Zoarski, J.) (denying motion to strike prayer of relief requesting attorney's fees under § 22a-134b). The plaintiff has properly pleaded a Transfer Act cause of action and, accordingly, the court concludes that the special defense is legally insufficient as to count two.
For the foregoing reasons, the plaintiff's motion to strike the defendants' special defense is granted.
WOLVEN, J.