[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #138
On October 19, 2000, the plaintiff, Anthony Sebastiano, filed a three-count revised complaint against the defendants, Grundfos Pumps Corporation (Grundfos), Norton's Plumbing Supply, Inc. (Norton's Plumbing) and Michelle and Wayne Rasmussen. The plaintiff seeks damages for personal injuries sustained while handling a water pump allegedly manufactured by Grundfos, sold by Norton's Plumbing and owned by the Rasmussens. The first and second counts of the plaintiff's revised complaint allege causes of action against Grundfos and Norton's Plumbing, respectively, pursuant to the Connecticut Product Liability Act (CPLA) . See General Statutes §§ 52-572m through 52-572q. The third count of the revised complaint alleges a cause of action sounding in common law negligence against Michelle and Wayne Rasmussen. In addition to monetary damages, the plaintiff seeks attorneys' fees pursuant to General Statutes § 52-240a and punitive damages under General Statutes § 52-240b.
On October 30, 2000, the plaintiff withdrew count three of the revised complaint against Michelle and Wayne Rasmussen. On May 18, 2001, Norton's Plumbing filed a two-count cross claim against Grundfos seeking contribution under General Statutes § 52-572o and common law indemnification. On May 23, 2001, Grundfos filed a motion to strike count two of the cross claim, along with a supporting memorandum of law, arguing that a claim for common law indemnification is legally insufficient under the Product Liability Act. On June 5, 2001, Norton's CT Page 13468-dy Plumbing filed a memorandum of law in opposition to the motion to strike as required by General Statutes § 10-42.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any (complaint] . . . to state a claim upon which relief can be granted. . . . (W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000)
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." (Internal quotation marks omitted.) Crotta v. Home Depot, Inc.,249 Conn. 634, 641-42, 732 A.2d 767 (1999) . "Ordinarily there is no right of indemnity or contribution between joint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between active or primary negligence, ' and "passive or secondary negligence.' . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Internal quotation marks omitted.) Id., 642. "Thus, the common-law doctrine of indemnification permits a tortfeasor to assert a claim only against another liable tortfeasor." Id.
In support of its motion to strike, Grundfos argues that under Kyrtatasv. Stop Shop, Inc., 205 Conn. 694, 535 A.2d 357 (1988), a defendant may CT Page 13468-dz hot seek common law indemnification from a co-defendant under the Product Liability Act. In response, Norton's Plumbing argues that underMalerba v. Cessna Aircraft Co., 210 Conn. 189, 554 A.2d 287 (1989), common law indemnification is a viable claim in actions involving violations of the Product Liability Act.
In addressing whether a defendant may seek common law indemnification from a co-defendant in an action brought under the product liability act, the court in Kyrtatas v. Stop Shop, Inc., supra,205 Conn. 694, held that "the common law doctrine of indemnification is inconsistent with provisions of the product liability act concerning comparative responsibility, award of damages, and contribution under General Statutes § 52-572o." Id., 699. In reaching this holding, the court reasoned that the "doctrine [of indemnification] arose in response to the common law prohibition against contribution, and applies only in situations in which a passive joint tortfeasor has no actual responsibility for a tort." Id., 700. The court noted that " [i]ndemnification is also irreconcilable with the product liability act because the legislature in subsection (e) of § 52-572o has abolished the common law prohibition against contribution in the context of [actions brought under the product liability act]." Id. Thus, "[t]he product liability act by permitting actions for contribution has eliminated any reason for retaining the doctrine of indemnification in regard to this variety of suit." Id., 701.
One year later, in Malerba v. Cessna Aircraft Co., 210 Conn. 189,554 A.2d 287 (1989), the court held that common law indemnification continues as a viable cause of action in the context of product liability claims and that the comparative responsibility principles that serve as its foundation do not bar a later determination of liability as between an indemnitee and an indemnitor." Id., 198-99. In so holding, the court noted that their decision in Kyrtatas v. Stop Shop, Inc., "was specifically limited to its factual circumstances. . . ." Malerba v.Cessna Aircraft Co., supra, 210 Conn. 198 n. 9.
This court recognizes that there is a split of authority in the Superior Court regarding the issue of whether direct defendants may state a cross claim for common law indemnification in the context of product liability claims in light of the holdings in Kyrtatas and Malerba. Those Superior Court cases that have allowed a cross claim for common law indemnification among existing defendants include: Rotono v. AccessIndustries, Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 582691 (January 20, 2000, Fineberg, J.); Brenner v.Laboratoire Biosthet, Superior Court, judicial district of CT Page 13468-ea Hartford-New Britain at Hartford, Docket No. 511978 (May 7, 1993,Aurigemma, J.); ITT Semiconductors v. Matheson Gas Products, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 029553 (April 8, 1992, Flynn, J.); Allstate Ins. Co.v. Chic MillerChevrolet-Isuzu. Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 384894 (August 6, 1991, Aurigemma, J.) (4 Conn. L. Rptr. 500). Those cases holding that common law indemnification in product liability actions is not proper amongst existing defendants include: Mirabella v. Yale-New HavenHospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 326943 (July 5, 1994, Fracasse, J.) (12 Conn. L. Rptr. 65);United States Fidelity v. McDonnell Leasing Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 112492 (June 1, 1992, Rush, J.) (6 Conn. L. Rptr. 495)
This court aligns itself with those decisions following the Malerba
rule, which hold claims for common law indemnification among existing defendants to be legally sufficient.
 Accordingly, Grundfos' motion to strike count two of the cross-claim is denied.
CHASE T. ROGERS SUPERIOR COURT JUDGE