CITY OF BRISTOL ET AL. *v.* DICKAU
BUS COMPANY, INC.
(AC 20130)

Lavery, C. J., and Foti and Daly, Js.

---

Argued January 22—officially released June 19, 2001

*Joseph A. Hourihan,* for the appellant (defendant).

*John B. Farley,* with whom, on the brief, were *Brian P. Leaming* and *Kathleen A. St. Onge,* for the appellees (plaintiffs).

*Opinion*

LAVERY, C. J. The defendant, Dickau Bus Company, Inc., appeals from the judgment of the trial court ordering it to indemnify the plaintiffs[1] for moneys expended by them in settling lawsuits arising from an accident involving one of the defendant's school buses. On appeal, the defendant claims that the trial court improperly applied common-law principles concerning active versus passive negligence (1) in the absence of a judicial finding of negligence by the plaintiffs and (2) when any negligence on the plaintiffs' part would have been premised on their own acts, unrelated to the defendant's actions. We affirm the judgment of the trial court.

[1] The plaintiffs are the city of Bristol, the board of education of the city of Bristol, the chairman of the board of education and the principal of one of its schools.

The following facts and procedural history are relevant to our consideration of the defendant's claims. On September 18, 1992, Michael Courchesne and his three year old son, Brandon, were standing near a designated school bus stop located at the corner of Rockwell Avenue and Pierce Street in Bristol, awaiting the arrival from school of Michael's daughter and Brandon's older sister, Kailey. The bus Kailey was riding, which the defendant owned, was driven by Lorraine Clyburn, an employee of the defendant. When the bus arrived, Brandon crossed the street on his bicycle to meet Kailey. After Kailey alighted from the bus and began to cross the street, Brandon turned his bicycle around and followed her. At that moment, the school bus moved forward, striking Brandon and causing injuries that ultimately resulted in his death.

Brandon's parents subsequently brought actions, on their own behalf and on behalf of Brandon's estate and Kailey, against Clyburn, the defendant, the city of Bristol, the board of education of the city of Bristol, an official of the board of education and the principal of the school from which the bus originated. All of those actions were settled for varying amounts.

Subsequently, the plaintiffs here brought an action against the defendant seeking indemnification for the amounts that they had paid in the aforementioned settlements, including attorney's fees and court costs. Following a trial, the court ordered the defendant to pay damages, offer of judgment interest, attorney's fees and costs. This appeal followed.

I

The defendant first claims that the court improperly found that the plaintiffs were entitled to indemnification from the defendant without first finding that the plaintiffs were negligent. We disagree.

"In an action for indemnity . . . one tortfeasor seeks to impose total liability upon another [tortfeasor]. . . . [I]ndemnity involves a claim for reimbursement in full from one on whom a *primary liability* is claimed to rest . . . . Ordinarily there is no right of indemnity . . . between joint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between active or primary negligence, and passive or secondary negligence. . . . Indemnity *shifts the impact of liability* from passive joint tortfeasors to active ones. . . . Thus, the common-law doctrine of indemnification permits a tortfeasor to assert a claim *only* against another *liable* tortfeasor." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Crotta* v. *Home Depot, Inc.*, 249 Conn. 634, 641–42, 732 A.2d 767 (1999).

The defendant claims that the court improperly found that the plaintiffs were entitled to indemnification because no court has found that the plaintiffs were negligent. A necessary corollary of the defendant's claim that the plaintiffs had to have been found negligent before seeking indemnification is that a party that has entered into a voluntary settlement or stipulated judgment can never recover under a theory of common-law indemnification. We note that, as a matter of public policy, our law favors the voluntary settlement of civil disputes. See *Duni* v. *United Technologies Corp./ Pratt & Whitney Aircraft Division*, 239 Conn. 19, 26–27, 682 A.2d 99 (1996). We note, also, that a claim for statutory indemnification can be based on a stipulated judgment. See *Hammond* v. *Waterbury*, 219 Conn. 569,

573, 594 A.2d 939 (1991). Similarly, an insurer that refuses to defend its insured and is subsequently found to have breached its duty to do so must indemnify the insured for any reasonable settlement entered into by the insured. *Black* v. *Goodwin, Loomis & Britton, Inc.*, 239 Conn. 144, 153, 681 A.2d 293 (1996). Furthermore, General Statutes § 52-598a provides: "Notwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or *settlement*." (Emphasis added.)

The defendant points to our Supreme Court's statement in *Kaplan* v. *Merberg Wrecking Corp.*, 152 Conn. 405, 415, 207 A.2d 732 (1965), that one seeking indemnity must show "that the negligence with which it had been found chargeable was passive or secondary," as support for its contention that the absence of a finding of negligence on the plaintiffs' part defeats their claim for indemnity. We note, however, that the Supreme Court did not state that one seeking indemnity must show that *its own negligence* was passive or secondary but only that the party must show that "*the negligence with which it had been found chargeable* was passive or secondary . . . ." (Emphasis added.) Id. That phrase encompasses parties who were allegedly negligent in their management or supervision of others and thus financially responsible for the active negligence of the others.

The plaintiffs in this case fall into the latter category. The accident victims sued them for negligent management and supervision (passive negligence), claiming that they were therefore liable for the negligent actions of their employees (active negligence). The absence of active negligence on their part does not bar their successfully maintaining an action for indemnity for

those damages that they paid for their passive negligence.

## II

The defendant also claims that any negligence found against the plaintiffs would have been based on the allegations of the complaints against the plaintiffs and, therefore, would have been based on their own actions and not the actions of the defendant's driver. We disagree.

We already have stated in part I of this opinion that the plaintiffs' successful maintenance of an action for indemnity does not depend on the court's finding active negligence on the plaintiffs' part. Under *Kaplan* v. *Merberg Wrecking Corp.*, supra, 152 Conn. 416, the plaintiffs needed to prove only four things to prevail against the defendant: (1) that the defendant was negligent; (2) that the defendant's negligence, rather than the negligence with which the plaintiffs were found chargeable, was the direct and immediate cause of the accident; (3) that the defendant was in exclusive control of the situation; and (4) that the plaintiffs did not know of the defendant's negligence, had no reason to anticipate it and could reasonably rely on the defendant not to be negligent. The plaintiffs proved all of these in the context of the defendant's hiring and supervision of the bus driver, Lorraine Clyburn. They needed to prove nothing else to prevail.

"An indemnitee may be chargeable with personal negligence, independent of any negligence of the indemnitor, and still not be chargeable with active or primary negligence." Id., 415. As long as the plaintiffs were chargeable with *some* negligence, which they clearly were, and as long as that negligence was not active or primary, and the defendant does not contend that the plaintiffs' negligence was primary, the plaintiffs are not precluded from recovering under common-law indem-

nification. Indeed, the defendant stipulated to two of the four *Kaplan* factors at trial, namely, that it was in control of the bus that caused the injuries and that the plaintiffs had no reason to anticipate the defendant's negligence. The defendant further has never claimed either that it was not negligent or that its negligence was not the direct cause of the accident. The defendant is therefore bound by the trial court's finding that its negligence was active and primary so that the plaintiffs' negligence could not also have been active and primary.

The judgment is affirmed.

In this opinion the other judges concurred.