[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on the Motion for Reconsideration
The plaintiffs on the cross claim, Matthew and Ian Bland, filed a motion for reconsideration of the decision denying the Blands' claim for indemnification against the town of Windham pursuant to General Statutes § 7-308 (b). The Blands base this motion on Bristol v. Dickau BusCo., 63 Conn. App. 770, 779 A.2d 152 (2001).
In Bristol v. Dickau Bus Co., supra, 63 Conn. App. 770, the plaintiffs were the city of Bristol, the board of education of the city of Bristol, the chairman of the board of education and the principal of one of its schools. The plaintiffs sought indemnification from the defendant, the Dickau Bus Co., for "moneys expended by them in settling lawsuits arising from an accident involving one of the defendant's school buses." Id., 771. The bus involved in the accident struck a boy on his bike causing injuries that ultimately resulted in his death. Id., 772. The driver of the bus was an employee of the defendant. Id. The plaintiffs settled the claims of the boy's parents for varying amounts. Id.
The plaintiffs were seeking to impose total liability on the defendant because the defendant was primarily responsible for the accident. "In an action for indemnity . . . one tortfeasor seeks to impose total liability upon another [tortfeasor]. . . . [I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to CT Page 3425 rest. . . . Ordinarily there is no right of indemnity . . . between joint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between active and primary negligence, and passive and or secondary negligence. . . . Indemnity shifts the impact of liability
from passive joint tortfeasors to active ones. . . . Thus, the common-law doctrine of indenmification permits a tortfeasor to assert a claim only
against another liable tortfeasor." (Internal quotation marks omitted.)Bristol v. Dickau Bus Co., supra, 63 Conn. App. 773.
The defendant asserted that the plaintiffs were not entitled to indemnification because no court had found that the plaintiffs were negligent. Bristol v. Dickau Bus Co., supra, 63 Conn. App. 773. The court disagreed and held that the plaintiffs were entitled to indemnification despite the fact that the plaintiffs had entered into a voluntary settlement. Id. The court reasoned that our law favors the voluntary settlement of civil suits. Id. The court also noted that a claim for statutory indemnification can be based on a stipulated judgment. Id.
The present case is distinguishable from Bristol v. Dickau Bus Co.,
supra, 63 Conn. App. 770, because it is based on statutory indemnification rather than common-law indemnification. The Blands are seeking indemnification from the town of Windham pursuant to General Statutes § 7-308 (b) for amounts paid to the plaintiffs by Ian Bland's insurance company. A judgment did not enter against Matthew Bland because the insurance company settled the case with the plaintiffs. Furthermore, there is no stipulated judgment in this case. The plaintiffs withdrew their action against the Blands and the town after the settlement amounts were paid. The Blands, however, maintained their claims against the town of Windham for statutory indemnification.
Statutory indemnification is distinct from common-law indemnification. Commonlaw indemnification distinguishes between active and passive tortfeasors. Indemnification under the common-law allows a passive tortfeasor to shift liability from the passive tortfeasor to the active tortfeasor. Conversely, municipal indemnification statutes allow an employee, is the active tortfeasor, to seek indemnification from the town, the passive tortfeasor, in certain situations. Under § 7-308
(b), a fireman who is performing fire duties at the time of an accident may seek indemnification from the town. A fireman, however, will not always be entitled to indemnification under § 7-308 (b) because the town does not become liable until the "fireman . . . becomes obligated toCT Page 3426pay by reason of liability imposed upon such fireman . . . by law for damages to person or property. . . ." (Emphasis added.) General Statutes § 7-308 (b).
The appellate courts have made it clear that under municipal indemnification statutes the town's liability is contingent on a judgment against the municipal employee. An injured claimant may not file an independent action against the town. The injured party "must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification. . . . [A]ny municipal liability which may attach is predicated on prior findings of negligenceon the part of the employee. . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Wu v. Administrator, 204 Conn. 435,438, 528 A.2d 364 (1987).
This court declines to apply the holding of Bristol v. Dickau Bus Co.,
supra, 63 Conn. App. 770, to the present case because the present case is based on statutory indemnification rather than common-law indemnification. Although the court in Bristol v. Dickau Bus Co., supra,63 Conn. App. 773, noted that "a claim for statutory indemnification can be based on a stipulated judgment," the court does not state that a claim for statutory indemnification may based upon a settlement and subsequent withdrawal of the injured plaintiff's cause of action. Until the appellate courts hold that a claim for statutory indemnification does not require a prior finding of negligence on the part of the employee, this court will continue to follow the rule that a town's liability under municipal indemnification statutes is contingent upon a judgment against the municipal employee.
Accordingly, the Blands' motion for reconsideration is denied.
Foley, J. CT Page 3427