[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #146
The underlying action arises out of injuries the plaintiff allegedly sustained at Waterbury Hospital when the stretcher on which she was placed was released causing her to fall from an inclined position to a fully reclined position. According to the amended complaint, the plaintiff entered Waterbury Hospital Health Center as an outpatient in order to undergo an ultrasound of her thyroid gland. She was placed on a Hausted stretcher while in the ultrasound department. The stretcher was released from an inclined position to a fully reclined position by one Teresa Brewer. The plaintiff brought an action against Waterbury Hospital, Teresa Brewer, and Advanced Medical Recruiters, Inc., the entity which the plaintiff claimed employed the defendant Teresa Brewer. Waterbury Hospital moved to implead Advanced Personnel of Southington, Inc. ("Advanced Personnel"), alleging that Brewer was employed by that entity at the time of the incident. The motion was granted, and Waterbury Hospital filed a third party complaint against Advanced Personnel, alleging in the second count that Advanced Personnel is liable for Brewer's negligence because, at the time of the incident, Brewer was acting as its agent and/or employee and within the scope of her agency/employment. Waterbury Hospital seeks indemnification from Advanced Personnel for any damages that are assessed against it in favor of the plaintiff.[1]
Advanced Personnel moves for summary judgment on the second count of the third party complaint claiming first that, based on the pleadings in the plaintiff's complaint, Waterbury Hospital cannot assert a claim of indemnification against it.
The amended complaint states that Waterbury Hospital was negligent in the following ways:
(a) In that it failed to properly maintain this CT Page 16538 stretcher so as to prevent its malfunction, and specifically a sudden drop from an inclined to a fully reclined position;
 (b) In that it failed to timely repair this stretcher once it had actual and/or constructive notice of its tendency to malfunction, and specifically to drop suddenly from an inclined to a fully reclined position;
 (c) In that it failed to take this stretcher out of service and/or failed to instruct its agents, servants and/or employees not to use this stretcher once it had actual and/or constructive notice of its tendency to malfunction, and specifically to drop suddenly from an inclined to a fully reclined position; and
 (d) In that its agents, servants and/or employees carelessly lowered this stretcher from an inclined to a fully reclined position.
Advanced Personnel correctly states that whether a party who has been sued is entitled to recover from another party under principles of common law indemnification is controlled, in part, by the allegations contained in the underlying complaint. Citing Cimino, et al. v. Yale University, etal., 638 F. Sup. 952 D. Conn. (1986), Advanced Personnel points out that, where the complaint contains only allegations that were active rather than passive, the party found liable for that active negligence cannot recover from another party under a theory of common law indemnification. The argument is that subsections (a) through (c) of paragraph 8 contain allegations of active negligence against Waterbury Hospital without regard to Teresa Brewer. With regard to subsection (d) of paragraph 8, Advanced Personnel argues that Waterbury Hospital would have to establish that Advanced Personnel was the party primarily liable for any damages and losses for which the hospital may be held liable. In order to establish such primary liability, the third party plaintiff must allege and prove:
(a) that the third party defendant was negligent;
 (b) that the third party defendant's negligence rather than the third party plaintiff's negligence was the direct and immediate cause of the damage;
(c) that the third party defendant was in control of the CT Page 16539 situation to the exclusion of the third party plaintiff; and
 (d) that the third party plaintiff did not know of the negligence of the third party defendant, had not reason to anticipate it, and could reasonably rely on the third party defendant not to act in an improper way.
As Advanced Personnel points out, "Indemnity shifts the impact of liability from passive jointfeasors to active ones." Kaplan v. MerbergWrecking Co., 152 Conn. 405, 412 (1965); Kyrtatas v. Stop Shop,Inc., 205 Conn. 694, 698 (1988). Advanced Personnel sets out 61 statements of fact which it claims demonstrates Waterbury Hospital would be unable to prove that Advanced Personnel's negligence rather than its own negligence was the direct and immediate cause of the plaintiff's damages. Additionally, Advanced Personnel claims that Waterbury Hospital could not prove that Advanced Personnel was in control of the situation to the exclusion of Waterbury Hospital.
 Discussion
"In an action for indemnity, . . . one tortfeasor seeks to impose total liability upon another [tortfeasor]. . . . [I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . . Ordinarily there is no right of indemnity . . . between joint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between `active or primary negligence,' and `passive or secondary negligence.' . . . Indemnity shifts the impactof liability from passive joint tortfeasors to active ones. . . . Thus, the common-law doctrine of indemnification permits a tortfeasor to assert a claim only against another liable tortfeasor." (Citations omitted; emphasis in original; internal quotation marks omitted.) Crotta v. HomeDepot, Inc., 249 Conn. 634, 641-42, 732 A.2d 767 (1999).
In this case, in order to maintain a claim for indemnification, Waterbury Hospital must allege and prove four elements. "These elements are: (1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the hospital's], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in CT Page 16540 control of the situation to the exclusion of [the hospital]; and (4) that [the hospital] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted.) Skuzinski v. BouchardFuels, Inc., 240 Conn. 694, 698, 694 A.2d 788 (1997). In this context, our Supreme Court has cautioned that "the determination of whether an act is negligent is a matter for the jury . . . as is the question of exclusive control. . . . A party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tort-feasor is ordinarily one for the trier of fact." (Citations omitted.) Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573-74,452 A.2d 117 (1982)
"The plaintiff in an action claiming an implied obligation of indemnity against an independent contractor cannot recover unless he proves that the active negligence and wrong which caused the injury . . . were the negligence and wrong of the defendant [independent contractor] or, in other words, that the defendant was the party primarily liable for the wrongful act which occasioned the injury in respect of which the plaintiff has been compelled to pay damages." (Internal quotation marks omitted.) Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 415-16,207 A.2d 732 (1965).
Here, Advanced Personnel essentially argues that it cannot be held liable as an independent contractor for Brewer's conduct because Advanced Medical Recruiters, Inc. (another third party defendant) was her actual employer and because the hospital had exclusive control over Brewer. Advanced Personnel submits an affidavit from Robert E. Brouillette, former imaging division supervisor at Waterbury Hospital, in which he attests that he had the authority to send Brewer home if she was not performing to hospital standards, she had to comply with hospital policy and procedures and the equipment she used was hospital owned and maintained. Advanced Personnel also submits an affidavit in which Brewer states that she was associated with Advanced Medical Recruiters, Inc. and an affidavit from Kevin San Juan, president of Advanced Personnel, in which he states that Brewer was employed by Advanced Medical Recruiters. On the other hand, Waterbury Hospital argues that the evidence indicates that Advanced Personnel was actually Brewer's employer and that the hospital simply contracted with Brewer's employer for her services. The hospital offers the following evidence in support of its argument: an affidavit from Brewer in which she attests that she started dealing with Advanced Personnel as opposed to Advanced Medical Recruiters because she was told to do so by San Juan; and Brewer's paycheck stubs which were CT Page 16541 made out by Advanced Personnel. Genuine issues of material fact exist as to who employed Brewer and whether that employer was primarily liable for her actions.
Advanced Personnel argues that if Waterbury Hospital is found to be negligent then the hospital would be precluded from recovering against Advanced Personnel because the plaintiff's complaint contains only allegations of active negligence. Waterbury Hospital counters that it could be found liable to the plaintiff for passive negligence as well as active negligence because the plaintiff could have believed that Brewer was acting as its agent, thus making it liable under the doctrine of apparent authority.
Based on the allegations of the plaintiff's complaint, and assuming that interrogatories are utilized, it is conceivable that a jury could find that Waterbury Hospital was negligent pursuant to subsection (d) of paragraph 8 of the plaintiff's complaint. "An indemnitee may be chargeable with personal negligence, independent of any negligence of the indemnitor, and still not be chargeable with active or primary negligence." City of Bristol v. Dickau Bus Company, Inc.,63 Conn. App. 770, 775 (2001); Kaplan v. Merberg Wrecking Corp.,152 Conn. 405, 415 (1965). "As long as the plaintiffs were chargeable with some negligence . . . and as long as that negligence was not active or primary . . . the plaintiffs are not precluded from recovering under common-law indemnification." City of Bristol v. Dickau Bus Company,Inc., supra.
Advanced Personnel contends that Waterbury Hospital cannot seek indemnification from it because the hospital had exclusive control over Brewer. Taking the evidence in a light most favorable to the nonmovant, genuine issues of material fact would preclude granting Advanced Personnel's motion for summary judgment. Waterbury Hospital's submission of an affidavit from Brewer in which she attests that Advanced Personnel was her employer contrasts with Advanced Personnel's submission of the affidavit in which San Juan attests that Advanced Personnel was merely a payroll company, did not send Brewer to Waterbury Hospital as a temporary ultrasound technician, and had no knowledge of either Brewer's capabilities in her profession or of the alleged incident which caused the plaintiff's injuries. The determination of who was in control of Brewer at the time of the incident is instrumental in determining whether Waterbury Hospital may claim indemnity from Advanced Personnel. "[W]hether or not one is in control of a situation is ordinarily a question of fact." Kaplan v. Merberg Wrecking Corp., supra,152 Conn. at 418. Although there are "rare examples in which the issue may properly be decided as a question of law." Skuzinski v. Bouchard Fuels, Inc., CT Page 16542240 Conn. 694, 705 (1997), this case does not present one of them. The evidence indicates that questions of fact as to this issue remain unresolved.
Genuine issues of material fact exist as to the nature of Waterbury Hospital's negligence as well as the identity of Brewer's employer and the issue of exclusive control of Brewer.
Accordingly, the third party defendant's motion for summary is denied.
 ___________________ ELIZABETH A. GALLAGHER